Burton S. Sherman, J.
This action was tried on a stipulated set of facts.
The question for consideration is whether section 221 (subd. 5, par. [e]) of the Insurance Law of the State of New York, as amended precludes the defendant from denying reimbursement to plaintiff for out-of-hospital psychotherapy expenses under the City of New York group health insurance contracts.
It was stipulated that during the time here involved (1) plaintiff was insured under the city group medical-surgical and major medical insurance plan, (2) he received out-of-hospital psychotherapy from >a licensed New York State psychologist, (3) the treatments were necessary and the charges fair and reasonable, and (4) demand for payment was timely and properly made and reimbursement refused by defendant.
Article VI of the major medical contract involved excludes “ (q) Expenses for diagnosis or treatment of nervous or mental disorders, or psychological testing, when performed outside a hospital. ’ ’
Article III of the -surgical-medical plan group contract issued to the City of New York provides benefits: “ (f) In-Hospital •Psychiatric Service, comprising care rendered for mental disorders to the extent that it shall be provided to a subscriber for a maximum of 30 days in any contract year.” Since the claim involved out-of-hospital psychotherapy, the defendant denied payment. The plaintiff claims that such denial was precluded by section 221 (subd. 5, par. [e]) of the Insurance Law which states in pertinent part. “ Notwithstanding any provision of a policy or contract of group accident, group health or group accident and health insurance, whenever such policy or contract provides for reimbursement to a physician or a psychiatrist for psychiatric or psychological services or for the diagnosis and treatment -of mental, nervous or emotional disorders or ailments, however defined in such policy or contract, a .subscriber to such group accident, group health or group accident and health insurance policy or contract shall be entitled to reimbursement for such psychiatric or psychological services or diagnosis or treatment whether performed by a physician, psychiatrist or a duly certified and registered psychologist when 'the services rendered are within the lawful scope of their practice ”.
The afore-mentioned statute does not apply to this case for it only refers to those group policies which provide “ reim *100 bursement ” for “ psychiatric or psychological services The policy involved here does not provide reimbursement to plaintiff for psychiatric care, Reimbursement is only for in-hospital psychiatric care, while plaintiff’s .treatment was out-of-hospital. Moreover, the statute, as amended does not prohibit exclusions for psychiatric treatment by a group health insurance company. Its purpose and design was to extend the categories of those who may be paid for psychological treatment. This can best be shown by reviewing the legislative history of section 221. Thus from 1966 on, the amendments to the statute indicate a consistent scheme or plan to add to the category of those who may receive payment for medical services psychologist, dentists, and such para-medicals as optometrists, podiatrists and chiropractors. (L. 1966, chs. 545, 754; L. 1969, chs. 765, 838; L. 1971, chs. 983, 1211.)
Moore v. Metropolitan Life Ins. Co. (33 N Y 2d 304), relied on by the plaintiff is not applicable. In that case, the policy involved did provide reimbursement for psychiatric services. The complaint is dismissed and the defendant may have judgment thereon.